**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

_____

MARITZA MOLINARES and
FRANCISCO ROMERO,

      Plaintiffs,

v.                                                                          Case No.

COSTCO WHOLESALE CORPORATION
and FRATELLI BERETTA USA, INC.,

      Defendants.

_____

## COMPLAINT

Plaintiffs MARITZA MOLINARES and FRANCISCO ROMERO sue Defendants COSTCO WHOLESALE CORPORATION and FRATELLI BERETTA USA, INC. and allege as follows:

### PARTIES

1. Plaintiffs MARITZA MOLINARES and FRANCISCO ROMERO are citizens and residents of Miami-Dade County, Florida.

2. Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "COSTCO") is a Washington corporation, with its principal place of business in Issaquah, Washington.

3. COSTCO is a membership warehouse club that sells name-brand food and merchandise to customers at its hundreds of warehouse locations, including at its warehouse located at 13450 SW 120th Street, Miami, Florida (the "Kendall location").

4. Defendant FRATELLI BERETTA USA, INC. (hereinafter, "FRATELLI") is a New Jersey corporation, with its principal place of business in Mount Olive, New Jersey.

5.      FRATELLI processes, packages, and sells Italian cured meats and snack products.

**JURISDICTION & VENUE**

6.      This Court has personal jurisdiction over COSTCO pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Sections 48.193(1)(a) and (2), Florida Statutes, because this cause of action arises from COSTCO (i) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; (ii) committing a tortious act in this state; and (iii) causing injury to a person within this state arising out of an act or omission by COSTCO outside this state which, at or about the time of said injury, COSTCO was either (a) engaged in solicitation or services within this state or (b) products, materials, or things processed, serviced, or manufactured by COSTCO were used or consumed within this state in the ordinary course of commerce, trade, or use and because Defendant is engaged in substantial and not isolated activity in Florida.

7.      This Court has personal jurisdiction over FRATELLI pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and sections 48.193(1)(a) and (2), Florida Statutes, because this cause of action arises from FRATELLI (i) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; (ii) committing a tortious act in this state; and (iii) causing injury to a person within this state arising out of an act or omission by FRATELLI outside this state which, at or about the time of said injury, FRATELLI was either (a) engaged in solicitation or services within this state or (b) products, materials, or things processed, serviced, or manufactured by FRATELLI were used or consumed within this state in the ordinary course of commerce, trade, or use and because Defendant is engaged in substantial and not isolated activity in Florida.

2

8.  This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

9.  Venue is proper in this district pursuant to Title 28, United States Code, Section 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CONDITIONS PRECEDENT

10.  All conditions precedent have been performed or have occurred.

## GENERAL ALLEGATIONS

11.  At all material times, FRATELLI processed, packaged, and distributed processed Italian meat trays, including the Fratelli Beretta Antipasto 2/12oz sliced charcuterie meat tray, for delivery to consumers in Miami-Dade County, Florida.

12.  At all material times, COSTCO sold and distributed the Fratelli Beretta Antipasto 2/12oz charcuterie meat tray manufactured by FRATELLI, including at the Kendall location.

13.  On January 8, 2024, MARITZA MOLINARES contracted a salmonella infection after eating a slice of charcuterie meat from a tray of the Fratelli Beretta Antipasto 2/12oz charcuterie meat tray manufactured by FRATELLI and sold by COSTCO at the Kendall location.

14.  At the time and place that the processed Italian meat tray was sold and delivered in Miami-Dade County, Florida for Plaintiff MARITZA MOLINARES's consumption, it was defective and unreasonably dangerous because it was contaminated with salmonella which foreseeably resulted in Plaintiff MARITZA MOLINARES contracting a salmonella infection.

15.  Unbeknownst to Plaintiff MARITZA MOLINARES at that time and place, on January 3, 2024, FRATELLI had previously recalled "approximately 11,097 pounds of Busseto

3

Foods brand ready-to-eat charcuterie meat products that may be contaminated with *Salmonella*" as part of a "salmonella outbreak" under investigation by the Centers for Disease Control and Prevention (CDC) and state public health officials.[1]

16.     It was not until on or after January 18, 2024, over a week after Plaintiff MARITZA MOLINARES's exposure and illness, that COSTCO and FRATELLI provided notice to consumers of a voluntary recall of the Fratelli Beretta Antipasto 2/12oz charcuterie meat tray "due to possible salmonella exposure."

17.     On January 18, 2024, "[t]he U.S. Department of Agriculture's Food Safety and Inspection Service (FSIS) [issued] a public health alert out of an abundance of caution due to concerns about Salmonella illnesses that may be associated with ready-to-eat (RTE) charcuterie meat products in Busseto brand Charcuterie Sampler **and** Fratelli Beretta brand Antipasto Gran Beretta,"[2] the latter of which was sold at Costco.

18.     On February 12, 2024, FSIS "recall[ed] an undetermined amount of ready-to-eat (RTE) meat charcuterie products containing Coppa that may be under processed, which may have resulted in possible contamination with foodborne pathogens" to include the Fratelli Beretta Antipasto 2/12oz charcuterie meat tray, and warned:

> Consumption of food contaminated with Salmonella can cause salmonellosis, one of the most common bacterial foodborne illnesses. The most common symptoms of salmonellosis are diarrhea, abdominal cramps, and fever within 6 hours to 6 days after eating the contaminated product. The illness usually lasts 4 to 7 days. Most people recover without treatment. In some persons, however, the diarrhea may be so severe that the patient needs to be hospitalized. Older adults, infants, and persons with weakened immune systems are more likely to develop a severe illness. Individuals concerned about an illness should contact their health care provider.[3]

---

[1] https://www.fsis.usda.gov/recalls-alerts/fratelli-beretta-usa-inc--recalls-busseto-foods-brand-ready-eat-charcuterie-meat (last visited on January 5, 2026).

[2] https://www.fsis.usda.gov/recalls-alerts/fsis-issues-public-health-alert-ready-eat-charcuterie-products-due-possible (last visited on January 5, 2026) (emphasis added).

[3] https://www.fsis.usda.gov/recalls-alerts/fratelli-beretta-usa-inc--recalls-ready-eat-charcuterie-meat-products-due-possible (emphasis added).

19. Further, chronic (*i.e.*, long term) health complications from acute bacterial gastroenteritis, such as salmonellosis, are well-known.

20. Indeed, the seminal Walkerton Health Study (Marshall et al., Gastroenterology 2006), which evaluated long-term outcomes in individuals following a documented outbreak of bacterial enteritis, found that individuals who experienced acute gastroenteritis were significantly more likely to develop chronic gastrointestinal symptoms than unaffected controls, with reported incidence rates of approximately 27–36% in affected patients compared to roughly 10% in controls and an odds ratio of 4.8.

21. Unfortunately, as a result of her exposure, Plaintiff MARITZA MOLINARES has developed severe and chronic gastrointestinal symptoms and otherwise suffered serious and permanent injuries.

### COUNT 1
### STRICT PRODUCTS LIABILITY
### (MANUFACTURING DEFECT)

22. Plaintiffs reallege and incorporate paragraphs 1 through 21 as if fully set forth herein.

23. At all relevant times, FRATELLI and COSTCO engaged in the business of manufacturing and selling processed Italian meat trays and those processed Italian meat trays were expected and did reach the user or consumer, such as Plaintiff MARITZA MOLINARES, without substantial change in the condition in which it was sold.

24. FRATELLI and COSTCO designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed a defective product which created an unreasonable risk to the health and safety of consumers, and FRATELLI and COSTCO are therefore strictly liable for the injuries sustained by Plaintiff MARITZA MOLINARES.

25. The processed Italian meat tray supplied to Plaintiff MARITZA MOLINARES by FRATELLI and COSTCO was defective in manufacture in that, when it was sold, it was unreasonably dangerous and a defective condition because it failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable to FRATELLI and COSTCO, posing a risk of a serious salmonella (or other bacterial) infection to Plaintiff and other consumers.

26. Plaintiff MARITZA MOLINARES and ordinary consumers would not expect a seemingly standard processed Italian meat tray product manufactured, marketed, and labeled for everyday human consumption to be so contaminated as to pose a greater than usual risk of a salmonella infection.

27. The processed Italian meat tray product supplied and sold by FRATELLI and COSTCO and delivered to Plaintiff MARITZA MOLINARES was defective in its manufacture in light of the salmonella (or other bacterial) contamination and the risk involved in its consumption.

28. The defects render the processed Italian meat tray product more dangerous than a normal and safely manufactured processed Italian meat tray product for human consumption and causes an unreasonably increased risk of injury including but not limited to a salmonella infection.

29. As a result of the above, Plaintiff MARITZA MOLINARES sustained bodily injury and resulting pain and suffering, loss of liberty, reputational harm, disability, mental distress and anguish, inconvenience, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition. The losses and injuries are permanent and continuing and Plaintiff will suffer the losses in the future.

30.     FRATELLI and COSTCO are subject to liability to the Plaintiff MARITZA MOLINARES for her injuries regardless of whether it exercised all possible care in the preparation and sale of the processed Italian meat tray product.

WHEREFORE, MARITZA MOLINARES requests that the Court enter judgment in her favor and against Defendants COSTCO and FRATELLI and award all damages and other relief which she is entitled.

### COUNT 2
### NEGLIGENCE
### (PRODUCTS LIABILITY)

31.     Plaintiffs reallege and incorporate paragraphs 1 through 21 as if fully set forth herein.

32.     At all relevant times, FRATELLI and COSTCO engaged in the business of designing, researching, manufacturing, testing, advertising, promoting, marketing, selling and distributing processed Italian meat tray products and those processed Italian meat tray products were expected and did reach the user or consumer, such as Plaintiff MARITZA MOLINARES, without substantial change in the condition in which it was sold.

33.     As such, FRATELLI and COSTCO owed Plaintiff MARITZA MOLINARES a duty of care to manufacture, sell, and distribute a reasonably safe product and to give adequate warning regarding the same.

34.     Defendants breached their duty to Plaintiff MARITZA MOLINARES and were otherwise negligent.

35.     As a result of the above, Plaintiff MARITZA MOLINARES sustained bodily injury and resulting pain and suffering, loss of liberty, reputational harm, disability, mental distress and anguish, inconvenience, loss of capacity for the enjoyment of life, and aggravation of a previously

existing condition. The losses and injuries are permanent and continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, MARITZA MOLINARES requests that the Court enter judgment in her favor and against Defendants COSTCO and FRATELLI and award all damages and other relief which she is entitled.

### COUNT 3
### BREACH OF WARRANTY
### (MERCHANTABILITY)

36. Plaintiffs reallege and incorporate paragraphs 1 through 21 as if fully set forth herein.

37. Defendants are merchants engaged in the sale of food and beverages to the public, including the product at issue in this case, within the meaning of sections 672.104 and 672.314 of the Florida Statutes.

38. On or about January 8, 2024, Plaintiff MARITZA MOLINARES purchased and/or consumed a slice of charcuterie meat from the processed Italian meat tray product manufactured by FRATELLI and distributed by COSTCO.

39. At the time of sale and service, Defendants impliedly warranted that the processed Italian meat tray product was merchantable and fit for the ordinary purposes for which such products are used, including safe consumption and handling by consumers.

40. The processed Italian meat tray product was not merchantable and was unfit for ordinary use because it was contaminated with salmonella such that it posed a foreseeable risk of a salmonella infection to consumers.

41. As a result of the above, Plaintiff MARITZA MOLINARES sustained bodily injury and resulting pain and suffering, loss of liberty, reputational harm, disability, mental distress and

8

anguish, inconvenience, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition. The losses and injuries are permanent and continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, MARITZA MOLINARES requests that the Court enter judgment in her favor and against Defendants COSTCO and FRATELLI and award all damages and other relief which she is entitled.

## COUNT 4
### LOSS OF CONSORTIUM

42.     Plaintiffs reallege and incorporate paragraphs 1 through 21, 22 through 30, 31 through 35, and 36 through 41, as if fully set forth herein.

43.     At all material times, FRANCISCO ROMERO was the lawful spouse of MARITZA MOLINARES.

44.     As a direct and proximate result of the conduct, breach, and negligence alleged above, for which the Defendants are directly liable, as set forth in Counts 1 through 3, Plaintiff FRANCISCO ROMERO suffered loss, by reason of MARITZA MOLINARES's injury, of her services, care, comfort, society and attentions of his wife in the past and in the future.

WHEREFORE, FRANCISCO ROMERO requests that the Court enter judgment in her favor and against Defendants COSTCO and FRATELLI and award all damages and other relief which he is entitled.

**DEMAND FOR JURY TRIAL**

MARITZA MOLINARES and FRANCISCO ROMERO demand a trial by jury.

Dated: January 5, 2026                               Respectfully submitted,

                                        **Maderal Byrne & Furst PLLC**
                                        2800 Ponce de Leon Boulevard, Suite 1100
                                        Coral Gables, Florida 33134
                                        (305) 520-5690

                                        **Francisco R. Maderal, Esq.**
                                        Francisco R. Maderal, Esq.
                                        Fla. Bar No. 0041481
                                        frank@maderalbyrne.com

                                        Nicole Estrada, Esq.
                                        Fla. Bar. No. 1017979
                                        nicole@maderalbyrne.com

                                        *Attorneys for Plaintiff*